

CLERK, U.S. BANKRUPTCY COURT
DISTRICT OF OREGON

MAY 1 5 2007

LODGED_____ REC'D_____
PAID_____ DOCKETED_____

# United States Bankruptcy Court
## for the District of Oregon

**Albert E. Radcliffe, Judge**
Virginia H. Denney, Judicial Assistant
Howard J. Newman, Law Clerk

405 East Eighth Avenue, Suite 2600
Eugene, Oregon 97401

(541) 431-4050
FAX: (541) 431-4047

May 14, 2007

Karen M. Oakes
Attorney at Law
6502 S. 6th St.
Klamath Falls, OR 97603

David B. Mills
Attorney at Law
115 W. 8th Ave. #280
Eugene, OR 97401

Re: Childers v. GE Money Bank et al; Adversary Proceeding No. 06-6328-aer
    Defendants' Motion for Partial Summary Judgment

Counsel:

This letter is intended to announce my findings and conclusions concerning the above-referenced motion.

Plaintiffs filed their Chapter 13 petition in the main case on July 30, 2006. They are operating under a plan dated August 14, 2006, confirmed on November 22, 2006.

In this adversary, Plaintiffs have filed five (5) claims for contempt for violation of the discharge injunction, and one claim, also denominated as "contempt", for filing a false proof of claim. Although the claims themselves do not so plead, the prayer asks for punitive damages.

Defendants have filed the instant motion for partial summary judgment to which Plaintiffs have responded and Defendants have replied. No party has requested oral argument. The motion is ripe for decision.

<u>Discussion</u>:

Defendants' motion raises a legal issue, that is, whether "punitive" damages are available under the Plaintiffs' claims. As noted, Plaintiffs first five (5) claims are for contempt for violation of the discharge injunction. The discharge injunction is enforced through civil contempt. <u>Walls v. Wells Fargo Bank, N.A.</u>, 276 F.3d 502, 507 (9th Cir. 2002). In general, a claim for civil contempt allows the aggrieved party to obtain compensatory damages, attorney's fees and the offending party's compliance with the discharge injunction. <u>Id</u>. As to punitive

damages, a contempt claim may allow for "relatively mild" non-compensatory fines under some circumstances, but does not allow for serious punitive sanctions. <u>Dyer v. Lindblade</u> *(In Re Dyer)*, 322 F.3d 1178, 1193-95 (9th Cir. 2002).

      Claim #6 is also labeled "Contempt" based on filing "false proofs of claim" in an attempt to be paid twice on a discharged debt. Construed as a contempt claim, the above analysis applies. Even construed as a request for an award under the court's inherent ability to sanction for bad faith or willful misconduct, <u>Dyer</u> nonetheless limits the award of punitive damages. <u>Id.</u> at 1197.

      Since a "relatively mild" non-compensatory fine is available under the current claims, I will deny Defendants' motion, with that limitation.

Very truly yours,

*/s/ Albert E. Radcliffe*

Albert E. Radcliffe
BANKRUPTCY JUDGE

AER: jrp